FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Criminal No. 2007-65 |
| v. | ) |
| | ) |
| TIMOTEO UPIA-FRIAS, JUAN | ) |
| GONZALEZ-ENCARNACION, and ABEL | ) |
| LOGAT LAGUE, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

ATTORNEYS:

**Delia L. Smith, AUSA**
St. Thomas, U.S.V.I.
    *For the plaintiff.*

**Jesse A. Gessin, AFPD**
St. Thomas, U.S.V.I.
    *For defendant Timoteo Upia-Frias.*

**George H. Hodge, Jr., Esq.**
St. Thomas, U.S.V.I.
    *For defendant Juan Gonzalez-Encarnacion.*

**J. Daryl Dodson, Esq.**
St. Thomas, U.S.V.I.
    *For defendant Abel Logat Lague.*


<u>**MEMORANDUM OPINION**</u>


**GÓMEZ, C.J.**

    Before the Court is the motion of defendant Timoteo

Upia-Frias ("Upia-Frias") for a judgment of acquittal.

*United States v. Upia-Frias, et al.*
Criminal No. 2007-65
Memorandum Opinion
Page 2

## I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Upia-Frias and his co-defendants, Juan Gonzalez-Encarnacion ("Gonzalez-Encarnacion") and Abel Logat Lague ("Lague"), were indicted in December, 2007 on one count of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). After a four-day jury trial in April, 2008, Upia-Frias was acquitted of the conspiracy charge and convicted of the possession with intent to distribute charge.

Upia-Frias now seeks a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure.[1]

## II. <u>DISCUSSION</u>

For a judgment of acquittal to be granted, the court must decide, as a matter of law, that the evidence presented at trial was insufficient to support the conviction. *United States v. Cohen*, 455 F. Supp. 843, 852 & n. 7 (E.D. Pa. 1978), *aff'd*, 594 F.2d 855 (3d Cir.), *cert. denied*, 441 U.S. 947 (1979). In making that determination, the trial court is required to view the evidence in the light most favorable to the prosecution and to draw all reasonable inferences therefrom in the government's

_____

[1] Upia-Frias moved for a judgment of acquittal at the close of the government's case-in-chief. That motion was denied.

*United States v. Upia-Frias, et al.*
Criminal No. 2007-65
Memorandum Opinion
Page 3

favor. *United States v. Ashfield*, 735 F.2d 101, 106 (3d Cir.),

*cert. denied*, 469 U.S. 858 (1984).

"Strict deference [must] be accorded the jury's findings;

the court does not 'ask itself whether it believes that the

evidence at the trial established guilt beyond a reasonable

doubt.'" *United States v. Charles*, 949 F. Supp. 365, 367, 35 V.I.

306 (D.V.I. 1996).  The inquiry to be made is whether, in light

of the evidence, any rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt. *See*

*id.* (citing *Ashfield*, 735 F.2d at 106) (noting that "[o]ur task

is not to decide what we would conclude had we been the finders

of fact; instead, we are limited to determining whether the

conclusion chosen by the [fact-finders] was permissible").  A

trial court has the duty to grant a judgment of acquittal "when

the evidence is so scant that the jury could only speculate as to

the defendant's guilt." *United States v. Bazar*, Crim. No. 2000-

80, 2002 U.S. Dist. LEXIS 19719, *6 (D.V.I. Oct. 7, 2002).

### III. <u>ANALYSIS</u>

21 U.S.C. § 841(a)(1) provides that "it shall be unlawful

for any person knowingly or intentionally -- to manufacture,

distribute, or dispense, or possess with intent to manufacture,

distribute, or dispense, a controlled substance."  Thus, to prove

beyond a reasonable doubt that Upia-Frias was guilty of that

*United States v. Upia-Frias, et al.*
Criminal No. 2007-65
Memorandum Opinion
Page 4

offense, the government had to demonstrate "(1) knowing or intentional (2) possession (3) with intent to distribute (4) a controlled substance." *United States v. Lacy*, 446 F.3d 448, 454 (3d Cir. 2006).

"[P]ossession can be either actual or constructive." *United States v. Martorano*, 709 F.2d 863, 866 (3d Cir. 1983) (citations omitted). "Constructive possession may be shown through either direct or circumstantial evidence." *Id.* (citations omitted). "Constructive possession may be found if the evidence shows that the defendant was knowingly in a position, or had the right to exercise dominion and control of the drug either personally *or through others*." *Id.* (emphasis supplied; quotation marks and citations omitted).

At trial, the government presented the testimony of Raphael Duverge ("Duverge"). Duverge testified that an individual Duverge knew as Mr. David, and whom Duverge met on various occasions on St. Thomas, offered to sell Duverge approximately two kilograms of heroin for approximately $66,000-$67,000. Mr. David also offered Duverge a sample of heroin. Mr. David and Duverge agreed to consummate their deal on November 2, 2007 at the Eat and Drink Restaurant on St. Thomas. In Court, Duverge identified Upia-Frias as the individual he knew as Mr. David and from whom he had agreed to purchase the heroin.

*United States v. Upia-Frias, et al.*
Criminal No. 2007-65
Memorandum Opinion
Page 5

    On November 2, 2007, Upia-Frias, Lague and Duverge met at
the Eat and Drink Restaurant.  While there, Upia-Frias made calls
on his cellular phone.  After one such call, Upia-Frias told
Duverge that the heroin would arrive within a few minutes.  After
waiting a few minutes, Upia-Frias exited the restaurant to wait
for the person who was transporting the heroin while Duverge and
Lague waited inside the restaurant.  Shortly thereafter,
Gonzalez-Encarnacion arrived in a truck registered to Lague.
Upia-Frias notified Lague that Upia-Frias was waiting outside
with the heroin and that Duverge should join him there.

    Once the truck was on the premises, Upia-Frias instructed
Duverge to inspect a red and gray package in the front passenger
seat of the car while Upia-Frias and Gonzalez-Encarnacion were
positioned near the hood of the truck.  Agents from the Drug
Enforcement Administration (the "DEA") captured this transaction
on videotape, excerpts of which were played for the jury at
trial.  Thereafter, DEA agents took Upia-Frias, Gonzalez-
Encarnacion and Lague into custody.  DEA forensic chemist Jill
Raezer testified that subsequent tests on the package found in
the truck revealed the substance contained therein to be heroin.

    "Although mere proximity to [contraband] is insufficient to
establish constructive possession, evidence of some other factor
-- including connection with the [contraband], proof of motive, a

*United States v. Upia-Frias, et al.*
Criminal No. 2007-65
Memorandum Opinion
Page 6

gesture implying control, evasive conduct, or a statement indicating involvement in an enterprise –– coupled with proximity may suffice." *United States v. Booker*, 436 F.3d 238, 242 (D.C. Cir. 2006) (quoting *United States v. Alexander*, 331 F.3d 116, 127 (D.C. Cir. 2003)).  The evidence presented here sufficiently establishes, at the very least, constructive possession by Upia-Frias of the heroin in the truck. *See*, *e.g.*, *United States v. Edwards*, 166 F.3d 1362, 1364 (11th Cir. 1999) (explaining that "a defendant has constructive possession of a substance if it is being held by an agent of the defendant").  Upia-Frias was standing next to the truck when he directed Duverge to check the package inside the truck.  Upia-Frias peered into the truck through the window to observe Duverge's inspection of the package.  Upia-Frias's immediate proximity to the truck and directive to Duverge to check the package inside the truck, provides a basis on which to infer that Upia-Frias had knowledge of, and could exercise control over, the heroin package. *See*, *e.g.*, *United States v. Khondaker*, 263 Fed. Appx. 693, 700 (10th Cir. 2008) (unpublished).

Upia-Frias argues that Duverge's testimony was contradictory.  That argument is unavailing because "[t]he question of credibility is particularly within the province of the factfinder . . . ." *United States ex rel. Petillo v. New*

*United States v. Upia-Frias, et al.*
Criminal No. 2007-65
Memorandum Opinion
Page 7

*Jersey*, 562 F.2d 903, 907 (3d Cir. 1977).  Indeed, the Court "is bound by the jury's determination of witness credibility, even where the testimony may be contradictory." *Government of the Virgin Islands v. Peters*, 121 F. Supp. 2d 825, 830 (D.V.I. App. Div. 1998).

Here, the jury apparently found Duverge's testimony credible.  Upia-Frias advances no reason at all, much less any compelling reason, to disturb that finding. *See*, *e.g.*, *United States v. Gross*, 511 F.2d 910, 920 n.15 (3d Cir. 1975) ("Appellant's numerous contentions challenging the sufficiency of the evidence relate merely to the credibility of [witnesses], which we cannot evaluate for ourselves on appeal."); *cf.* 29A Am. Jur. § 1447 (noting that testimony may be deemed inherently incredible where it is "either so manifestly false that reasonable men ought not to believe it, or it must be shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ").

Upia-Frias also urges a judgment of acquittal on the ground that the government purportedly adduced no evidence to corroborate Duverge's testimony.[2]  That challenge fails for at

---

[2]  Upia-Frias specifically contends that "[t]he government did not did not produce a single cell phone record, rental car receipt or corroborating witness to support" Duverge's testimony. (Def. Upia-Frias's Mot. for J. of Acquittal 2.)

*United States v. Upia-Frias, et al.*
Criminal No. 2007-65
Memorandum Opinion
Page 8

least two reasons.  First,"the testimony of witnesses, standing

alone, is sufficient to uphold a conviction**."** *Virgin Island v.*

*Henry*, 232 Fed. Appx. 170, 174 (3d Cir. 2007) (not precedential)

(citations omitted); *United States v. Perez*, 280 F.3d 318, 344

(3d Cir. 2002) (holding that uncorroborated accomplice testimony

may form the sole basis for a criminal conviction).  Second,

while not essential, Duverge's account was corroborated by not

only law enforcement witnesses but video and audio recordings.

*See*, *e.g.*, *United States v. Roberson*, 459 F.3d 39, 48 (1st Cir.

2006) (reasoning that even if the testimony "was not overwhelming

by itself, . . . the recorded audio and video evidence[]

corroborates [the witness's] account of what happened"), *cert.*

*denied*, 127 S. Ct. 1261 (2007).

## IV. <u>CONCLUSION</u>

For the reasons given above, Upia-Frias's motion for a

judgment of acquittal will be denied.  An appropriate order

follows.

S\_____
                    **CURTIS V. GÓMEZ**
                     **Chief Judge**